UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM ALBRO,

                Plaintiff,

              v.

JOHN PHELAN, Secretary of the United
States Department of the Navy,

                Defendant.

No. 1:18-cv-01156-TLN-CDB

**ORDER**

This matter is before the Court on the Secretary of the Navy, Defendant John Phelan's ("Secretary") Bill of Costs. (ECF No. 180.) The Secretary seeks costs totaling $40,913.10. (*Id.* at 1.) Plaintiff William Albro ("Plaintiff") filed objections, and the Secretary filed a response. (ECF Nos. 181, 182.) For the reasons set forth below, Plaintiff's objections are sustained in part and the bill of costs is decreased to $32,813.87.

///

///

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2025, a jury trial began regarding Plaintiff's religious discrimination claim under Title VII of the Civil Rights Act of 1964.  (ECF No. 166.)  Plaintiff claimed he had been discriminated against based on his non-affiliation with the Church of Jesus Christ of Latter-day Saints.  (ECF No. 28.)  On September 24, 2025, the jury returned a verdict in the Secretary's favor.  (ECF No. 176.)  On October 8, 2025, the Secretary submitted its bill of costs totaling $40,913.10 to be paid by Plaintiff under Local Rule 292(b).  (ECF No. 180.)  The costs include $11,164.25 in fees for printed or electronically recorded transcripts obtained for use in the instant matter, $29,330.45 in fees for witnesses, and $418.40 in fees for copies and other materials.  (*Id.* at 1.)  Plaintiff objects to these costs and argues these fees are unreasonable and should be reduced from $40,913.10 to $24,172.54.  (ECF No. 181 at 20.)  The Secretary disagrees.  (ECF No. 182.)

## II.   STANDARD OF LAW

Under Federal Rule of Civil Procedure ("Rule") 54(d)(1), the prevailing party in a lawsuit may recover its costs, other than attorney's fees, "[u]nless a federal statute, [the federal rules of civil procedure], or a court order provides otherwise."  Fed. R. Civ. P. 54(d)(1).  "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the [court] discretion to refuse to award costs."  *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  If a court declines to award costs to the prevailing party, the court must "specify reasons" for denying costs.  *Id.*  However, the court need not "specify reasons for its decision to abide [by] the presumption and tax costs to the losing party."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  However, a prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 and, in this District, by Local Rule 292.  28 U.S.C. § 1920 (specifying taxable costs); E.D. Cal. L.R. 292(f) (same).

## III.   ANALYSIS

Plaintiff argues the costs are excessive because: (1) the transcript fees include fees for depositions that were not noticed; (2) the fees for exemplification and copies include fees for materials that were not necessarily obtained for use in the case; and (3) the witness fees and travel

2

expenses are not reasonable nor permissible under 28 U.S.C. § 1821.  (ECF No. 181.)  The Secretary argues these objections should be overruled.  (ECF No. 182.)  The Court considers the objections in turn.

#### A.    Transcript Fees

The Secretary seeks costs for transcript copies, including the court reporter's attendance fee and costs for exhibits used during depositions.  (ECF No. 181-1 at 1.)  Additionally, the Secretary seeks costs for Plaintiff's videotaped deposition.  (*Id.* at 1–2 (citing *Cargill Inc. v. Progressive Dairy Sols., Inc.*, No. CV-F-07-0349LJOSMS, 2008 WL 5135826, at *5 (E.D. Cal. Dec. 8, 2008)).)  In total, the Secretary seeks $11,164.25 in transcript fees.  (*Id.* at 2.)

Plaintiff objects to these costs, arguing a prevailing party may only claim fees for deposition transcripts and video that was noticed and used at trial.  (ECF No. 181 at 2.)  According to Plaintiff, the cost for Plaintiff's video deposition, and the transcript fees for Brent Hedman, Julie Gervais, and Megan Rex should therefore be deducted.  (*Id.*)

In response, the Secretary argues Plaintiff provides no authority for his position and the Secretary was required to obtain the transcripts from the depositions in order to determine which witnesses to call during trial and defend the case.  (ECF No. 182 at 1–2.)

Costs for printed or electronically recorded transcripts are recoverable litigation costs if they were "necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2).  Both Supreme Court and Ninth Circuit precedent caution that the reach of § 1920 is limited.  *See  Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (taxable costs have "narrow scope," "limited to relatively minor, incidental expenses"); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 926 (9th Cir. 2015).

As to whether the Secretary is entitled to the $2,135.00 in costs associated with Plaintiff's video deposition, the Court finds the Secretary provides no explanation as to why Plaintiff's deposition needed to be videotaped.  The Secretary's citation to *Cargill Inc. v. Progressive Dairy Sols., Inc.*, is unpersuasive.  (ECF No. 181-1 at 1–2 (citing 2008 WL 5135826, at *5).)  In *Cargill*, the court found video depositions recoverable where the video depositions were either used during the trial or were used for individuals subject to subpoena, thereby evincing why those

video depositions were necessary. 2008 WL 5135826, at *5. Here, nothing in the record suggests Plaintiff's deposition was similarly required — indeed, it was never used during trial. Accordingly, the Court deducts $2,135.00 — the costs associated with the video of Plaintiff's deposition. (ECF No. 180-2 at 2 (costs for videographer attendance, mpeg video format, and video transcript synching).)

As for the transcript fees for Brent Hedman, Julie Gervais, and Megan Rex, the Court finds no reason to deduct these fees. The Secretary states these transcripts were necessary to determine which witnesses to call during trial. (ECF No. 182 at 2.) The Court finds this explanation satisfactory and declines to deduct the transcript fees for Brent Hedman, Julie Gervais, and Megan Rex.

In sum, the Court reduces the costs for videography of Plaintiff's deposition from the requested total of $11,164.25 in transcript fees and taxes Plaintiff $9,029.25.

### B.      Fees for Exemplification and Copies

Next, the Secretary seeks $418.40 in fees for exemplification and copies. (ECF No. 180-1 at 2–3.) At $0.10 per page for a total of 4,174 pages, the Secretary seeks to recover $418.40 in printing costs. (*Id.*)

Plaintiff objects, arguing the Secretary committed a mathematical error as the claimed cost should in fact be $417.40 at a rate of $0.10 per page for 4,174 pages. (ECF No. 181 at 2–3.) The Secretary concedes this point and agrees the total requested amount should have been $417.40. (ECF No. 182 at 2.) Accordingly, the Court deducts $1.00.

Plaintiff also objects to $35.40 in costs for copying exhibits which the Secretary neither admitted nor offered during trial. (ECF No. 181 at 3.) In response, the Secretary states that Plaintiff focuses on the wrong issue. (ECF No. 182 at 2.) According to the Secretary, the question is whether the printed copies were necessary — not whether they were ultimately admitted. (*Id.*) Here, the Secretary contends some of the printed exhibits were used for impeachment, some were sought unsuccessfully to be admitted, and others would have been used for impeachment had Plaintiff introduced certain evidence. (*Id.*) In other words, the Secretary appears to argue that "necessarily obtained" does not mean "actually used." On this point, the

4

Court agrees and finds the Secretary's explanation sufficient to establish these costs were used for copies "necessarily obtained for use in the case[.]" *See* 28 U.S.C. § 1920(4).

In sum, the Court deducts $1.00 for a total of $417.40 for fees for exemplification and copies.

### C.    Witness Fees and Expenses

Finally, the Secretary seeks $29,330.45 in witness fees and expenses.[1] (ECF No. 180-1 at 3.) Under 28 U.S.C. § 1821 ("§ 1821"), a prevailing party is entitled to per diem, mileage, and subsistence for witnesses. *See also* E.D. Cal. L.R. 292(f)(8). Plaintiff objects to portions of the fees sought for witnesses, arguing primarily that the Secretary should not be entitled to witness costs outside the days in which the witness testified and traveled. (ECF No. 181 at 3–21.) According to Plaintiff, the Secretary is only entitled to $10,743.97 in witness fees and expenses. (*Id.* at 20.) In response, the Secretary argues limiting the recoverable fees to only the day a witness was called is untenable given Defendant made several of the witnesses available on specific days at Plaintiff's request. (ECF No. 182 at 3.) The Court examines Plaintiff's objections to each witness in turn.

#### i.    Charles Bechtel

The Secretary seeks $1,827.00 in witness fees and expenses for Charles Bechtel ("Bechtel"). (ECF No. 180-1 at 4.) Plaintiff objects, arguing these fees should be reduced to $359.00. (ECF No. 181 at 3–4.)

First, Plaintiff objects to Bechtel's lodging fees. (*Id.*) The Secretary submitted an invoice for lodging fees for five nights from September 21, 2025 through September 26, 2025. (ECF No. 180-3 at 2–3 (citing ECF No. 172).) Plaintiff argues only one night of lodging was necessary because Bechtel only testified on Tuesday, September 23, 2025, and was excused by 12:00 PM that day. (ECF No. 181 at 3.) The Court disagrees. As Plaintiff notes, the Secretary called Bechtel, Plaintiff did not. (*Id.*) Given the unpredictability of when Plaintiff would rest his case in

---

[1]    The Secretary notes that of this total, the U.S. Attorney's Office for the Eastern District of California paid $10,972.23 for witnesses no longer employed by the Federal Government while the Navy paid the remainder ($18,358.22) for witnesses currently employed by the Navy. (ECF No. 180-1 at 3.)

chief, the Court finds the Secretary's decision to have Bechtel arrive on Sunday, September 21, 2025, was reasonable.  Additionally, given the Secretary claims Bechtel drove approximately 400 miles, the Court finds staying the night of his testimony was reasonable.  *See e.g.*, *Sunstone Behav. Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1220 (E.D. Cal. 2009) (finding a witness was not required to take a red-eye flight out the night his testimony concluded). However, the Court agrees with Plaintiff's counsel that the Secretary provides no reason why Bechtel needed to stay two additional nights — Wednesday, September 24, 2025 and Thursday, September 25, 2025.  Accordingly, the Court will deduct two nights from Bechtel's lodging fee.

Plaintiff also argues the daily lodging rate sought by the Secretary exceeds the permissible per diem rate.  (ECF No. 181 at 3–4.)  The Secretary does not respond to this argument.  (*See generally* ECF No. 182.)  Under § 1821, a subsistence allowance shall be paid to a witness when an overnight stay is required "not to exceed the maximum per diem allowance prescribed by the Administrator of General Services[.]"  28 U.S.C. § 1821(d)(1)-(2).  This trial took place in Sacramento, California from September 15, 2025, until September 24, 2025.  (ECF Nos. 166– 173.)  At that time, the U.S. General Services Administration ("GSA") per diem rate was $150.00 for lodging.[2]  The GSA per diem rate for meals and incidentals ("M&IE") was $86.00 for a full day in Sacramento and $64.50 for the first and last day of travel.  Accordingly, the Court reduces Bechtel's lodging rate to $450.00 (three nights at $150.00) and keeps Bechtel's requested meals and incidentals at $258.00.[3]  *See U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, No. CV-F-99-5583 OWW/SMS, 2010 WL 3037500, at *9 (E.D. Cal. Aug. 2, 2010) (similarly reducing lodging and M&IE fee to permissible per diem rate).

///

---

[2]    *See* U.S. General Services Administration, FY 2025 per diem rates for Zip Code Sacramento, California, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2026&state=CA&city=sacramento&zip= (last visited Feb. 26, 2026).

[3]    It appears the Secretary would have been entitled to $301.00 for M&IE for two days in Sacramento and two days of travel, but given the Secretary requests a lower amount, the Court will not make such an adjustment.

Second, Plaintiff argues the Secretary should only be entitled to a witness attendance fee for Bechtel for two days rather than four days — one day to travel to the courthouse and one day for his testimony and return.  (ECF No. 181 at 3–4.)  The Court agrees the fee should be reduced, but only by one day.  Under § 1821, a witness "shall be paid an attendance fee of $40 per day for each day's attendance" and for the "time necessarily occupied in going to and returning from the place of attendance."  28 U.S.C. § 1821(b).  Here, three days account for the day Bechtel spent in court and two days travelling.  Given the Secretary contends Bechtel drove from approximately 400 miles away, the Court finds allowing two full travel days to drive approximately 800 miles was "time necessarily occupied."  (*See* ECF No. 182 at 3.)  The Court will not award witness attendance fees for days Bechel did not attend trial or travel.  *See Baskin v. EC Paia LLC*, No. CV 20-00216 WRP, 2022 WL 18619557, at *4 (D. Haw. June 16, 2022), *aff'd*, No. 22-15883, 2023 WL 7040317 (9th Cir. Oct. 26, 2023) (similarly declining to award witness attendance fees for days witnesses were not in actual attendance at trial).  For two travel days and one day of testimony, the Court therefore reduces Bechtel's witness attendance fee to $120.

Third, Plaintiff objects to claimed mileage expenses and parking fees, as there is no supporting documentation.  (ECF No. 181 at 4.)  However, as the Secretary notes, Plaintiff provides no basis for disputing the reasonableness of these costs.  (ECF No. 182 at 3.)  In the Eastern District of California, Local Rule 292 only requires that the bill of costs "itemize the costs claim and [] be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred."  E.D. Cal. L.R. 192(b).  The Secretary has done just that.  (ECF Nos. 180, 180-1.)  Accordingly, the Court declines to deduct Bechtel's mileage fees of $551.00 on that basis.  *See Weber v. TMG Logistics, Inc.*, No. 2:15-CV-01829 WBS, 2018 WL 4566874, at *2 (E.D. Cal. Sept. 21, 2018) (similarly declining to deduct bill of costs due to lack of underlying invoices).  However, as for the parking fees, § 1821 requires the "presentation of a valid parking receipt" in order to receive full compensation.  28 U.S.C. § 1821(c)(3).  Here, there is no parking receipt.  As such, the Court declines to award the $105.00 parking fee.

///

In sum, the Court reduces the witness fees and expenses for Charles Bechtel from $1,827.00 to $1,379.60.

### ii.      Joseph Kalman

The Secretary seeks $1,611.51 in witness fees and expenses for Joseph Kalman ("Kalman").  (ECF No. 180-1 at 4.)  Plaintiff objects, arguing these fees should be reduced to $1,022.54.  (ECF No. 181 at 5.)

First, Plaintiff objects to paying three nights of lodging for Kalman and argues the daily rate sought by the Secretary exceeds the permissible per diem rate.  (ECF No. 181 at 5.)  The Secretary submitted an invoice for three nights from September 22, 2025 through September 25, 2025.  (ECF No. 180-3 at 8–9.)  Plaintiff argues only one night of lodging was necessary, because Kalman only testified on Tuesday, September 23, 2025 and was excused by 11:05 AM that day.  (ECF No. 181 at 5 (citing ECF No. 172).)  Here, the Court agrees the Secretary seeks payment for lodging that exceeds the acceptable per diem rate and provides no reason why Kalman needed lodging the night of September 24, 2025.  However, the Court finds needing lodging the night before and after testimony was reasonable. Accordingly, the Court will reduce Kalman's lodging fee to $300.00 (two nights at $150.00) and keep Kalman's requested meals and incidentals at $172.00.[4]

Second, Plaintiff argues the Secretary should only be entitled to a witness attendance fee for two days rather than three days — one day to travel to the courthouse and one day for his testimony and return.  (*Id.*)  The Court disagrees and finds two days of travel under these circumstances reasonable within the meaning of § 1821(b).  The Court will not reduce the witness attendance fee of $120.00 for Kalman.

Third, Plaintiff objects to the "SATO" fee because the Secretary provides no explanation as to why this fee is taxable to Plaintiff.  (ECF No. 181 at 5.)  The Court agrees and declines to award the $81.68 "SATO" fee.

///

---

[4]      Again, this appears to be less than a full day in Sacramento plus two travel days.

Finally, Plaintiff objects to mileage and transportation fees due to lack of documentation. For the reasons described above, the Court declines to deduct these fees.

In sum, the Court reduces the witness fees and expenses for Joseph Kalman from $1,611.51 to $1,304.89.

<em>iii.</em>    <em>Robert Long</em>

The Secretary seeks $2,036.05 in witness fees and expenses for Robert Long ("Long"). (ECF No. 180-1 at 4–5.)  Plaintiff objects, arguing these fees should be reduced to $875.85. (ECF No. 181 at 7.)

First, Plaintiff notes Long only testified on Thursday, September 18, 2025, and Friday, September 19, 2025.  (*Id.* at 6 (citing ECF No. 170).)  Because Long was dismissed by the Court at 11:00 AM on September 19, 2025, Plaintiff argues Long should only be entitled to a witness attendance fee for three days, not five.  (*Id.*)  That is, Plaintiff argues Long should only be entitled to a witness attendance fee for one day to travel to the courthouse and two days for his testimony and return travel.  (*Id.*)  The Court agrees five days is excessive but finds two days of travel under these circumstances reasonable within the meaning of § 1821(b).  Therefore, the Court reduces the witness attendance fee to $160.00.

Second, Plaintiff contends the Secretary attempts to invoice Plaintiff for Long's travel and his wife, Karen Long, who is not a witness in the case.  (ECF No. 181 at 6.)  The Secretary does not respond to this, nor make any argument attempting to justify why Plaintiff is responsible for Karen Long's air travel.  (*See generally* ECF No. 182.)  Given this, and based on the receipt, it appears Plaintiff is correct.  (ECF No. 180-3 at 14–16.)  Accordingly, the Court reduces Long's airfare by $159.17 to $240.85.  The Court also deducts the $80.00 baggage fee given the Secretary does not provide any explanation to justify the expense or clarify that the fee is attributable to Robert Long.

Third, Plaintiff objects to paying for four nights of lodging for Long at a rate above the permissible per diem rate.  (ECF No. 181 at 7.)  The Court finds staying the night before and after testimony was reasonable under these circumstances.  Accordingly, the Court only deducts one night of lodging for Long.  However, Plaintiff is correct that the cost per night exceeded the

9

permissible per diem rate and therefore deducts the lodging fee from $697.17 to $450.00 (three nights at $150.00).  Similarly, the Court also reduces Long's requested meals and incidentals to $301.00 (two days at $86.00 and $64.50 for first and last travel day).[5]

Third, Plaintiff objects to the "SATO" fee, mileage expenses, parking, and transportation fees.  (ECF No. 181 at 7.)  For the reasons stated above, the Court deducts the $81.68 "SATO" fee and the $75.00 parking fee, but declines to deduct the mileage or transportation fees. *See* 28 U.S.C. § 1821(c)(3).

In sum, the Court reduces the witness fees and expenses for Robert Long from $2,036.05 to $1,310.03.

### iv. *Martin Minthorn*

The Secretary seeks $1,216.87 in witness fees and expenses for Martin Minthorn ("Minthorn").  (ECF No. 180-1 at 5.)  Plaintiff objects, arguing these fees should be reduced to $592.00.  (ECF No. 181 at 8.)

First, Plaintiff objects to the cost for lodging for Minthorn because it exceeds the permissible per diem rate.  The Court agrees and reduces the lodging fee to $300.00 (two nights at $150.00).  Second, Plaintiff objects to mileage and parking fees.  (*Id.*)  For the reasons stated above, the Court declines to deduct the mileage fee, but deducts the $28.00 parking fee.

In sum, the Court reduces the witness fees and expenses for Martin Minthorn from $1,216.87 to $1,154.80.

### v. *Alana Spurling*

The Secretary seeks $1,961.85 in witness fees and expenses for Alana Spurling ("Spurling").  (ECF No. 180-1 at 6.)  Plaintiff objects, arguing these fees should be reduced to $1,278.18.  (ECF No. 181 at 10.)

First, Plaintiff notes Spurling only testified on Tuesday, September 23, 2025, and was excused by 10:01 AM that day.  (*Id.* at 8 (citing ECF No. 172).)  Therefore, Plaintiff argues the

---

[5]     *See* U.S. General Services Administration, FY 2025 per diem rates for Zip Code Sacramento, California, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2025&state=CA&city=Sacramento&zip=ramento, California | GSA (last visited Feb. 26, 2026).

Secretary should only be entitled to a witness attendance fee for two days rather than three days — one day to travel to the courthouse and one day for testimony and return travel. (*Id.*) The Court disagrees and finds two days of travel under these circumstances reasonable within the meaning of § 1821(b). The Court will not reduce the witness attendance fee for Spurling.

Second, Plaintiff objects to paying three nights of lodging for Spurling and argues the daily rate sought by the Secretary exceeds the permissible per diem rate. (ECF No. 181 at 9.) The Court agrees and finds the Secretary seeks payment for lodging that exceeds the acceptable per diem rate and provides no reason why Spurling needed lodging the night of September 24, 2025. Accordingly, the Court will deduct Spurling's lodging fee to $300.00 (two nights at $150.00) and will keep Spurling's requested meals and incidentals at $172.00.[6]

Third, Plaintiff objects to the "SATO" fee, mileage expenses, parking and transportation fees. (ECF No. 181 at 9–10.) For the reasons stated above, and because the Court finds a rideshare or taxi under the circumstances not unreasonable, the Court deducts the $81.68 "SATO" fee and the $41.14 parking fee, but declines to deduct the mileage or transportation fees.

In sum, the Court reduces the witness fees and expenses for Alana Spurling from $1,961.85 to $1,687.59.

### vi.      Gregory Wheelock

The Secretary seeks $2,318.95 in witness fees and expenses for Gregory Wheelock ("Wheelock"). (ECF No. 180-1 at 6.) Plaintiff objects, arguing these fees should be reduced to $1,257.60. (ECF No. 181 at 11.)

First, Plaintiff notes Wheelock only testified on Wednesday, September 17, 2025 and was excused by 3:01 PM that same day. (*Id.* at 10 (citing ECF No. 168).) Therefore, Plaintiff argues the Secretary should only be entitled to a witness attendance fee for three days rather than four days — two days to travel to and from the courthouse and one day for testimony. (*Id.*) In response, the Secretary argues he made Wheelock available on Tuesday, September 16, 2025, at Plaintiff's request. (ECF No. 182 at 3.) The Secretary argues Plaintiff's contention that the

---

[6]      Again, this appears to be less than a full day in Sacramento plus two travel days.

Secretary should now bear the cost because Plaintiff decided not to call Wheelock until Wednesday, September 17, 2025 is unreasonable. (*Id.*) While the Court will take this into account when determining the reasonableness of the lodging fee, the Court declines to award witness attendance fees for days Wheelock did not spend in Court. Therefore, the Court reduces Wheelock's witness attendance fee to $120.00.

Second, Plaintiff objects to paying five nights of lodging for Wheelock and argues the daily rate sought by the Secretary exceeds the permissible per diem rate. (ECF No. 181 at 11.) The Court agrees and finds the Secretary seeks payment for lodging that exceeds the acceptable per diem rate and provides no reason why Wheelock needed lodging the night of September 18, 2025 and September 19, 2025. Accordingly, the Court will reduce Wheelock's lodging fee to $450.00 (three nights at $150.00) and will keep Wheelock's requested meals and incidentals at $258.00.[7]

Finally, Plaintiff objects to the "SATO" fee, mileage expenses, and parking fees. (ECF No. 181 at 10–11.) For the reasons stated above, the Court deducts the $81.68 "SATO" fee but declines to deduct the mileage or transportation/ride share fees.

In sum, the Court reduces the witness fees and expenses for Gregory Wheelock from $2,318.95 to $1,775.81.

*vii.    Jeffrey Davis*

The Secretary seeks $2,389.43 in witness fees and expenses for Jeffrey Davis ("Davis"). (ECF No. 180-1 at 7.) Plaintiff objects, arguing these fees should be reduced to $1,105.61. (ECF No. 181 at 12.)

First, Plaintiff notes Davis only testified on Tuesday, September 16, 2025 and Wednesday, September 17, 2025 and was excused by 11:19 AM on September 17, 2025. (*Id.* at 11 (citing ECF No. 168).) Therefore, Plaintiff argues Davis should have only required lodging for two nights — not three nights. (*Id.* at 11–12.) Plaintiff also argues the daily lodging rate sought by the Secretary exceeds the permissible per diem rate. (*Id.* at 12.) The Court finds three

---

[7]    Again, this appears to be less than two full days in Sacramento plus two travel days.

12

nights reasonable under the circumstances but reduces the lodging fee to $450.00 (three nights at $150.00) and will keep the meals and incidentals at $301 (two full days in Sacramento at $86 as well as a first and last day of travel at $64.50).

Second, Plaintiff objects to a lodging tax of $190.32. (*Id.* at 12.)  The Secretary does not provide an explanation for this tax and it exceeds the amount permissible under the lodging per diem schedule.  Accordingly, the Court deducts the full amount.  The Court declines to deduct the taxi fares, finding them reasonable.

In sum, the Court reduces the witness fees and expenses for Jeffrey Davis from $2,389.43 to $1,504.16.

<em>viii.    Claire Dennis</em>

The Secretary seeks $1,210.34 in witness fees and expenses for Claire Dennis ("Dennis"). (ECF No. 180-1 at 7.)  Plaintiff objects, arguing these fees should be reduced to $924.40.  (ECF No. 181 at 13.)

First, Plaintiff notes Dennis only testified on Tuesday, September 23, 2025 and was excused by 9:48 AM that same day.  (*Id.* (citing ECF No. 172).)  Therefore, Plaintiff argues Dennis should have only required lodging for one night — not two nights.  (*Id.*)  Plaintiff also argues the daily lodging rate sought by the Secretary exceeds the permissible per diem rate.  (*Id.*) The Court disagrees on both fronts and finds the lodging fee of $300.00 for two nights reasonable.  The Court also overrules Plaintiff's objection regarding meals and incidentals given Dennis had one full day in Sacramento and two travel days.

Second, Plaintiff objects to the $49.94 lodging tax, which the Court will deduct given the Secretary does not explain this tax nor argue why it should be allowed to exceed the permissible per diem.

In sum, the Court reduces the witness fees and expenses for Claire Dennis from $1,210.34 to $1,160.40.

<em>ix.    Christine Farris</em>

The Secretary seeks $1,387.68 in witness fees and expenses for Christine Farris ("Farris"). (ECF No. 180-1 at 8.)  Plaintiff objects, arguing these fees should be reduced to $1,096.80.  (ECF

13

No. 181 at 14.)

First, Plaintiff argues Farris' transportation expenses are unreasonable. (ECF No. 181 at 13.) The Court disagrees and declines to deduct these expenses. Second, Plaintiff objects to the $49.94 lodging tax, which the Court will deduct as explained above.

In sum, the Court reduces the witness and expenses for Christine Farris from $1,387.68 to $1,337.74.

                                  x.        *Julie Gervais*

The Secretary seeks $1,165.74 in witness fees and expenses for Julie Gervais ("Gervais"). (ECF No. 180-1 at 8.) Plaintiff objects arguing these fees should be reduced to $1,153.90, because the lodging tax should be deducted. (ECF No. 181 at 14.) The Court agrees for the reasons described above and reduces the witness fees and expenses for Julie Gervais from $1,165.74 to $1,151.90.

                                  xi.        *Matthew Gross*

The Secretary seeks $2,075.31 in witness fees and expenses for Matthew Gross ("Gross"). (ECF No. 180-1 at 9.) Plaintiff objects, arguing these fees should be reduced to $645.46. (ECF No. 181 at 15.)

First, Plaintiff argues Gross only testified on Monday, September 22, 2025 and was excused by 3:00 PM that same day. (*Id.* at 14 (citing ECF No. 171).) Therefore, Plaintiff argues Gross should have only required lodging for one night — not six nights. (*Id.* at 14–15.) Given the uncertainty of when Plaintiff would rest their case, the Court finds Gross's arrival on September 18, 2025 was not unreasonable. However, the Secretary provides no explanation as to why Gross needed to stay an additional day and night after he was excused by the Court. Accordingly, the Court deducts one day of lodging, resulting in lodging fees of $750 (five nights at $150.00). The Court also deducts one full day of meals and incidentals for a total of $473.00 (four full days in Sacramento at $86 and two travel days at $64.50).

Finally, the Court deducts the lodging tax of $124.85 for the reasons described above, and deducts the $125.00 parking fee for lack of supporting documentation. *See* 28 U.S.C. § 1821(c)(3).

In sum, the Court reduces the witness fees and expenses for Matthew Gross from $2,075.31 to $1,589.46.

### xii.        Raymond Harker

The Secretary seeks $983.81 in witness fees and expenses for Raymond Harker ("Harker"). (ECF No. 180-1 at 9.) Plaintiff objects, arguing these fees should be reduced to $700.84. (ECF No. 181 at 16.)

First, Plaintiff notes Harker only testified on Wednesday, September 17, 2025 and was excused by 3:53 PM that same day. (*Id.* at 15 (citing ECF No. 168).) Therefore, Plaintiff argues Harker should have only required lodging for two nights — not three nights. (*Id.* at 14–15.) The Court agrees and finds the Secretary does not adequately explain why Harker needed to stay an additional day and night after his testimony concluded. Accordingly, the Court reduces the lodging fee to $300.00. The meals and incidentals fee is deducted to $215.00 (one full day in Sacramento and two travel days). For the reasons described above, the Court also deducts the $46.94 lodging tax.

In sum, the Court reduces the witness fees and expenses for Raymond Harker from $983.81 to $700.87.[8]

### xiii.        Trevor Hedman

The Secretary seeks $2,506.01 in witness fees and expenses for Trevor Hedman ("Hedman"). (ECF No. 180-1 at 9.) Plaintiff objects, arguing these fees should be reduced to $1,393.81. (ECF No. 181 at 17.)

Plaintiff notes Hedman testified on Monday, September 22, 2025, and was dismissed by the Court by 4:09 PM that day. (*Id.* at 16 (citing ECF No. 171).) Therefore, Plaintiff argues Hedman should have only required lodging for two nights — not five nights. (*Id.* at 16.) Given the uncertainty of when Plaintiff would rest their case, the Court finds Hedman's arrival on September 18, 2025 was not unreasonable. Accordingly, the Court does not reduce Hedman's lodging fee. Similarly, the Court does not reduce Hedman's meals and incidentals.

---

[8]     The Court notes Plaintiff seeks to pay only $700.84, but this amount contains a rounding error that the Court does not consider in its analysis.

Plaintiff objects to the rental car and parking fees, arguing they are not reasonable nor the most economical means without comparison or justification.  The Court disagrees and declines to reduce these fees.  However, the Court does deduct the $34.60 lodging resort fee for the reasons described above.

In sum, the Court deducts the witness fees and expenses for Trevor Hedman from $2,506.01 to $2,471.41.

> xiv.     *Michael Jubrey*

The Secretary seeks $2,051.69 in witness fees and expenses for Michael Jubrey ("Jubrey").  (ECF No. 180-1 at 10.)  Plaintiff objects, arguing these fees should be reduced to $1,062.40.  (ECF No. 181 at 18.)

Plaintiff subpoenaed Jubrey and called him to testify on Thursday, September 18, 2025.  (*Id.* at 17.)  Jubrey was dismissed by the Court by 2:58 PM that day.  (*Id.* (citing ECF No. 169).)  Therefore, Plaintiff argues Jubrey should have only required lodging for two nights — not three nights. (*Id.* at 16.)  The Court agrees given the Secretary noted Plaintiff had requested Jubrey's presence for the fourth day of trial — Thursday, September 18, 2025.  (*See* ECF No. 136 at 13.)  Accordingly, the Court reduces the lodging fee to $300.00 (two nights at $150).  The meals and incidentals fee is reduced to $215.00 (one full day in Sacramento and two travel days).

Plaintiff also objects to $135.00 in parking fees without any documentation.  (ECF No. 181 at 17.)  The Secretary provides no receipts aside from a travel expense reimbursement report nor is it clear when these parking fees accrued.  Accordingly, the Court deducts the $135.00 parking fee.  Finally, Plaintiff objects to the lodging tax, tourism tax, and resort fee.  (*Id.* at 18.)  For the reasons described above, the Court deducts these fees.

In sum, the Court reduces the witness fees and expenses for Michael Jubrey from $2,051.69 to $1,062.40.

> xv.     *William Mangrum*

The Secretary seeks $2,697.07 in witness fees and expenses for William Mangrum ("Mangrum").  (ECF No. 180-1 at 10.)  Plaintiff objects, arguing these fees should be reduced to $1,105.61.  (ECF No. 181 at 19.)

16

Plaintiff notes Mangrum testified on Monday, September 22, 2025, and was dismissed by the Court by 5:01 PM that day. (*Id.* at 16 (citing ECF No. 171).) Therefore, Plaintiff argues Mangrum should have only required lodging for two nights — not five nights. (*Id.* at 16.) Given the uncertainty of when Plaintiff would rest their case, the Court finds Mangrum's arrival on September 18, 2025 was not unreasonable. Accordingly, the Court does not deduct Mangrum's lodging fee. Similarly, the Court does not deduct Mangrum's meals and incidentals. However, the Court will deduct the lodging tax for the reasons stated above.

Finally, Plaintiff objects to the parking fee and the rental car fees on reasonableness grounds. The Court will deduct the $210.00 parking fee for lack of documentation but finds the rental car fees reasonable.

In sum, the Court reduces the witness fees and expenses for William Mangrum from $2,697.07 to $2,220.62.

### xvi.      *Ephraim Washburn*

The Secretary seeks $1,891.14 in witness fees and expenses for Ephraim Washburn ("Washburn"). (ECF No. 180-1 at 11.) Plaintiff objects, arguing these fees should be reduced to $1,555.14. (ECF No. 181 at 20.)

The Secretary submitted an invoice for lodging fees for four nights from September 15, 2025 through September 19, 2025. (ECF No. 180-4 at 54.) Plaintiff objects, noting Washburn testified on Wednesday, September 17, 2025 and on Friday, September 19, 2025. (ECF No. 181 at 19.) Washburn was dismissed by the Court by 12:03 PM on Friday, September 19, 2025. (*Id.* (citing ECF No. 170).) Therefore, Plaintiff argues Washburn should have only required lodging for three nights — not four nights. (*Id.*) The Court agrees and reduces the lodging fee to $450.00 (three nights at $150). The meals and incidentals fee is reduced to $301.00 (two full days in Sacramento and two travel days). The Court also deducts the $100.00 lodging tax for the reasons discussed above.

In sum, the Court reduces the witness fees and expenses for Ephraim Washburn from $1,891.14 to $1,555.14.

///

17

In total, the Court sustains Plaintiff's objections as described above and adjusts the Secretary's bill of costs to reflect $23,366.82 in total witness fees as shown below.

**Witness Costs**

| | |
|---|---|
| Bechtel | $ 1,379.60 |
| Kalman | $ 1,304.89 |
| Long | $ 1,310.03 |
| Minthorn | $ 1,154.80 |
| Spurling | $ 1,687.59 |
| Wheelock | $ 1,775.81 |
| Davis | $ 1,504.16 |
| Dennis | $ 1,160.40 |
| Farris | $ 1,337.74 |
| Gervais | $ 1,151.90 |
| Gross | $ 1,589.46 |
| Harker | $ 700.87 |
| Hedman | $ 2,471.41 |
| Jubrey | $ 1,062.40 |
| Mangrum | $ 2,220.62 |
| Washburn | $ 1,555.14 |
| **TOTAL:** | **$ 23,366.82** |

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's objections are sustained in part as set forth above.  In accordance with this order, the Court HEREBY AMENDS the bill of costs and awards $32,813.87 to the Secretary.

**Amended Bill of Costs**

| | |
|---|---|
| Transcripts | $ 9,029.25 |
| Copies | $ 417.80 |
| Witness Fees | $ 23,366.82 |
| **TOTAL:** | **$ 32,813.87** |

IT IS SO ORDERED.

Date: March 3, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

18